ROSENBERG & ESTIS, P.C.
733 Third Avenue, 15th Floor
New York, New York 10017
John D. Giampolo, Esq.
Email: jgiampolo@rosenbergestis.com
Tel: (212) 551-1273

*Attorneys for 852 Eighth LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PORTOFINDOUGH, LLC, | : | Case No.: 23-11695 (MG) |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION OF MAIDAD RABINA IN SUPPORT OF MOTION OF LANDLORD, 852 EIGHTH LLC FOR (I) AN ORDER ACKNOWLEDGING DEBTOR'S LEASE OF THE NONRESIDENTIAL PREMISES TERMINATED AS OF THE PETITION DATE, AND (A) CONFIRMING THE AUTOMATIC STAY DOES NOT APPLY TO STAY LANDLORD FROM RECOVERING POSSESSION OF THE LEASED PREMISES PURSUANT TO 11 U.S.C. § 362(B)(10), OR (B) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D) TO PERMIT LANDLORD TO RECOVER POSSESSION OF THE LEASED PREMISES; OR, ALTERNATIVELY, (II) AN ORDER COMPELLING REJECTION OF THE NONRESIDENTIAL LEASE TO THE EXTENT IT IS DEEMED UNEXPIRED AS OF THE PETITION DATE; (III) AN ORDER COMPELLING ALLOWANCE AND PAYMENT OF ALL UNPAID POST-PETITION RENT, USE AND OCCUPANCY AND/OR OTHER CHARGES PURSUANT TO 11 U.S.C. §§ 365(D)(3) AND 503(B)(1); (IV) ABANDONING ANY INTEREST OF THE DEBTOR IN ANY PERSONAL PROPERTY LEFT ON THE PREMISES; (V) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D) TO PERMIT LANDLORD'S APPLICATION OF THE SECURITY DEPOSIT, AND (VI) WAIVER OF ANY STAY PERIOD**

**MAIDAD RABINA**, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am Managing Member of 852 Eighth LLC, as the landlord ("Landlord") under a Lease of the commercial/nonresidential real property identified as all rooms, a portion of the ground floor level and basement, as more particularly shown on the floor plan annexed to the

Lease, in the building located at 852 Eighth Avenue, New York, New York 10019 (the "Premises"), which the above-captioned Debtor has been in possession as tenant and which Lease was terminated prior to the October 24, 2023 petition date (the "Petition Date"). As such, I have personal knowledge of the matters stated below.

2. I submit this declaration in support of the accompanying motion (the "Motion")[1] for (I) an order acknowledging Debtor's Lease of the nonresidential Premises terminated as of the Petition Date, and (A) confirming the automatic stay does not apply to stay Landlord from recovering possession of the nonresidential Premises pursuant to 11 U.S.C. § 362(b)(10), or (B) modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to permit Landlord to recover possession of the nonresidential Premises; or, alternatively, (II) an order compelling rejection of the nonresidential Lease to the extent it is deemed unexpired as of the Petition Date; (III) an order compelling allowance and payment of all unpaid post-petition rent, use and occupancy and/or other charges pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1); (IV) abandoning any interest of the Debtor in any personal property left in the Premises; (V) modifying the automatic stay to permit Landlord's application of the security deposit; and (VI) waiving any stay period and providing for the terms of the order granting this Motion to take effect immediately upon entry.

3. The following is a summary of relevant facts and procedural history that is more fully set forth in the holdover petition commencing the Eviction Action, as well as in the supporting documents attached thereto, true and correct copies of which are attached hereto as **Exhibit A** and incorporated herein by reference.

4. Debtor was the tenant of the Premises pursuant to a written lease agreement and rider thereto (the "Rider"), dated as of July 1, 2021, by and between the Landlord, as landlord, and

---

[1] Capitalized terms used but not otherwise defined herein have the same meaning ascribed in the Motion.

Debtor, as tenant (the "Original Lease"), as modified by forbearance letter agreement, dated May 23, 2023 (the "Agreement", collectively, with the Rider and Original Lease, the "Lease"), true and correct copies of which are attached hereto as **Exhibits B** and **C.**

*Debtor breached the lease causing a mechanics lien against the Premises, the Lease terminated and expired before the Petition Date, and Debtor has not paid rent or use and occupancy for months*

5. The following is set forth more fully in the Holdover Petition commencing the Eviction Action.

6. On March 15, 2022, in breach of the Lease, Debtor caused a third party contractor to file the Lien against the Premises for work claimed to have been done for and at the direction of the Debtor and for which Debtor failed to pay. See Exhibit B to the Holdover Petition.

7. In further breach of the Lease, Debtor failed to indemnify Landlord for the Lien and foreclosure of same. See Exhibit B to the Holdover Petition.

8. The Lease terminated and expired on the August 11, 2023 Termination Date, pursuant to the terms of the Lease, for the reasons set forth in: (a) the Fifteen (15) Day Notice of Default, dated July 12, 2023 (the "Default Notice"); and (b) the Five (5) Day Notice of Termination of Lease, dated August 2, 2023 (the "Termination Notice"), copies of which are annexed to the Holdover Petition, together with proof of service thereof, as Exhibit B and Exhibit C, respectively, to the Holdover Petition and are incorporated by reference as if fully set forth herein. See Holdover Petition ¶ 6.

9. Since the Termination Date, Debtor has been holding over in possession of the Premises without Landlord's permission and continues to do so.

10. On August 16, 2023, Landlord commenced the Eviction Action to recover possession of the Premises, which was stayed by this bankruptcy on the eve of the trial of the Eviction Action.

11. To date, no monies for rent and/or use and occupancy have been received by Landlord for the period after the Termination Date for Debtor's continued possession of the Premises.

12. Pursuant to the Lease, Landlord owns the following items of furnishings, fixtures and equipment and grants Debtor permission to use same at the Premises: 2 Refrigerated Pizza Tables, 1 Oven Pizza and Hood, 1 Walk in Freezer/Refrigerator, 1 Dough Mixer, 1 Large Metal Table, 1 Medium Metal Table, 1 Triple sink, 2 Small sinks, 5 AC units, 1 Metal Wall Shelf, 5 Metal Shelves ("Landlord's FF&E"). Furthermore, by operation of the Lease, any additional personal property remaining in the Premises following the Termination Date transferred to the Landlord.

13. No less than $120,149.52 of Pre-petition Arrears are due and owing from Debtor to Landlord for rent and/or use and occupancy under the Lease for the period through and including the Petition Date.

14. The Lease requires payment of no less than $26,000.00 for monthly rent (or value of monthly use and occupancy) for the Premises, plus utilities and other items of additional rent in accordance with the terms and conditions of the Lease.

15. To date, Debtor has paid no amount of post-petition rent or use and occupancy for the post-petition stub period in October 2023 or for the post-petition month of November 2023.

16. Landlord is currently holding a Security Deposit in the amount of $115,000.00 which was deposited with Landlord as collateral for Debtor's obligations under the Lease.

17. The Landlord has been and continues to be unduly burdened by: (a) the Lien that Debtor caused to be filed against the Premises, (b) by legal fees and expenses incurred in defending the Supreme Court Action entitled *NYC Prestige Mechanical, Corp. v. Medhat Ahmed et al*, Sup. Ct. N.Y Co., Index No. 652659/2022, which was commenced by the contractor to foreclose upon the Lien, and (c) by Debtor's continued possession of the Premises without paying rent or use and occupancy. Attached hereto as **Exhibit D** is a ledger setting forth all amounts, in addition to the Lien, of unpaid rent and/or use and occupancy, as well as all legal fees, expenses and other charges that the Landlord incurred prior to the Petition Date due to Debtor's foregoing breaches of the Lease.

18. Accordingly, Landlord is not adequately protected as post-petition rent or use and occupancy is not being paid and the Security Deposit is insufficient. Even if the automatic stay is modified to permit Landlord to apply the $115,000.00 Security Deposit, the Pre-petition Arrears are no less than $120,149.52, plus post-petition rent or use and occupancy is no less than $26,000.00 per month, plus the cost of the Lien in the amount of $143,735.00.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: December 1, 2023

_____
MAIDAD RABINA