# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK:  NON-HOUSING PART 52

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

852 EIGHTH LLC,                                :        L&T Index No.: _____/23

              Petitioner-Landlord,    :

                                :        **PETITION**

  -against-                                    :
                                :        **COMMERCIAL**
PORTOFINDOUGH, LLC                             :        **HOLDOVER**
852 Eighth Avenue                              :
New York, New York 10019                       :
                                :
            Respondent-Tenant,       :

"XYZ CORP.",                                   :

           Respondent-Undertenant.     :

The name of Undertenant is fictitious and unknown to    :
petitioner.  The person intended is whomsoever is in    :
possession of the premises described herein.            :
                                :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

        The Petition of 852 EIGHTH LLC ("<u>Petitioner</u>" or "<u>Landlord</u>"), shows that:

        1.     Petitioner is the owner and landlord of the Premises described below (the "Premises").  Petitioner is a New York Limited Liability Company.

        2.     Respondent-Tenant Portofindough, LLC (the "Tenant") is the tenant of the Premises pursuant to a written lease agreement and rider thereto (the "Rider"), dated as of July 1, 2021, by and between the Petitioner, as landlord, and the Tenant, as tenant (the "Original Lease"), as modified by forbearance letter agreement, dated May 23, 2023 (the "Agreement", collectively, with the Rider and Original Lease, the "Lease").

        3.     Upon information and belief, Respondent-Undertenant "XYZ CORP." ("Respondent-Undertenant") is the undertenant of the Tenant.

4.      Tenant and Respondent-Undertenant (collectively, the "Respondents") are

now in possession of the Premises.

5.      The Premises is described as follows:

All rooms, a portion of the ground floor level and basement,
as more particularly shown on the floor plan annexed hereto as Exhibit A,
in the building located at 852 Eighth Avenue, New York, New York 10019

situated within the territorial jurisdiction of the Civil Court of the City of New York, County of

New York.

6.      The term for which the Premises was rented by Tenant terminated and

expired on August 11, 2023 (the "Termination Date").  The Lease term terminated and expired on

the Termination Date for the reasons set forth in: (a) the Fifteen (15) Day Notice of Default, dated

July 12, 2023 (the "Default Notice"); and (b) the Five (5) Day Notice of Termination of Lease,

dated August 2, 2023 (the "Termination Notice"), copies of which are annexed hereto, together

with proof of service thereof, as Exhibit B and Exhibit C, respectively, and are incorporated by

reference as if fully set forth herein.

7.      Respondents continue in possession of the Premises without permission of

the Landlord after the Termination Date.

8.      Petitioner lacks written information or notice of any address where the

Respondents reside, are employed, or have a place of business in New York State, other than the

Premises and Portofindough, LLC c/o Berger, Fischoff, Shumer, Wexler, Goodman, LLP, 6901

Jericho Turnpike, Suite 230, Syosset, New York 11791.

-2-

9.      The Premises are not subject to the City Rent and Rehabilitation Law (rent control) or the Rent Stabilization Law of 1969, as amended, because they are rented and used exclusively for business purposes.

10.     The Building in which the Premises are located is a multiple dwelling and pursuant to the Housing Maintenance Code Article 2, there is a currently effective registration statement on file with the Office of Code Enforcement in which the owner has designated the managing agent named below, a natural person, over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

(1) MDR number: 131501

(2) Registered managing agent:  Charly Couture

(3) Business address:  856 Eighth Avenue, Unit 2A,
       New York, New York 10019

11.      No monies for rent and/or "use and occupancy" have been received and/or accepted by Petitioner for the period after the Termination Date.  The value of Respondents' use and occupancy of the Premises for the period subsequent to the Termination Date will be determined by the Court at or after trial in accordance with the terms of the Lease and applicable law.

12.     Under the terms of the Lease, Petitioner is entitled to recover from Tenant the costs and attorneys' fees incurred by Petitioner.  Petitioner has and will incur such costs and fees.  Upon a determination that Petitioner is the prevailing party in this proceeding, Petitioner reserves the right to seek such costs and fees, the total amount of which will be determined by the Court.

-3-

RE\82146\0033\5176644v1

**WHEREFORE**, Petitioner requests a final judgment awarding Petitioner (i) possession of the Premises with the issuance of a warrant to remove Respondents from possession of the Premises; (ii) a money judgment in an amount to be determined by the Court; and (iii) such other and further relief as the Court deems just and proper.

Dated:  New York, New York
      August 16, 2023

**852 EIGHTH LLC**
*Petitioner*


**ROSENBERG & ESTIS, P.C.**
*Attorneys for Petitioner*


By: _____
    Adam Lindenbaum
733 Third Avenue
New York, New York 10017
(212) 867-6000

-4-

## VERIFICATION

STATE OF NEW YORK      )
                               ) ss.:
COUNTY OF *Westchester*   )

       **MAIDAD RABINA**, being duly sworn, deposes and says:

       1.     I am the managing member of 852 Eighth LLC, the Petitioner in this proceeding.

       2.     I have read the foregoing Petition and know the contents thereof; and the same is verified upon information and belief. The grounds for my belief are the books and records of Petitioner.

       3.     This Verification is made by deponent because Petitioner is a limited liability company and I am a member thereof

                                      _____
                                          MAIDAD RABINA

Sworn to before me this
*16th* day of August, 2023

_____
       NOTARY PUBLIC

MARIA M. LAGANI
NOTARY
NO. 01LA6098322
QUALIFIED IN
WESTCHESTER COUNTY
COMM. EXP.
09-08-2023
PUBLIC
STATE OF NEW YORK

RE\82146\0033\5176644v1

**EXHIBIT A**

(Diagram of the Premises)

### Floor Plan

## 852 EIGHTH AVENUE, NEW YORK, NY 10019



**EXHIBIT B**

(The Fifteen (15) Day Default Notice With Proof of Service)

# <u>FIFTEEN (15) DAY NOTICE OF DEFAULT</u>

TO:    TENANT:          Portofindough, LLC ("Tenant")
                                 852 Eighth Avenue
                                 New York, New York 10019

RE:    PREMISES:       A Portion of Ground Floor and Basement (the "Premises")
                                 in the building at 852 Eighth Avenue, New York, NY (the "Building")

**PLEASE TAKE NOTICE**, that 852 Eighth LLC ("Owner") is the owner and landlord of the Premises.

**PLEASE TAKE FURTHER NOTICE**, that Tenant is in possession of the Premises pursuant to a written lease agreement and rider thereto (the "Rider"), dated July 1, 2022, by and between Owner, as landlord, and Tenant, as tenant (the "Original Lease"), as modified by forbearance letter agreement, dated May 23, 2023 (the "Agreement", collectively, with the Original Lease and Rider, the "Lease"). All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

**PLEASE TAKE FURTHER NOTICE**, that NYC Prestige Mechanical Corp. ("Contractor") filed a mechanic's lien against the Building, dated March 15, 2022 (the "Lien"), in the sum of $143,735.00.

**PLEASE TAKE FURTHER NOTICE**, that on or about July 29, 2022, Contractor filed an action in Supreme Court, New York County, Index No. 652659/2022 (the "Action") against Tenant, Guarantor, and Owner seeking, *inter alia*, to foreclose on the Lien.

**PLEASE TAKE FURTHER NOTICE**, Article 3 of the Lease provides, in relevant part, that:

RE\82146\0033\5113753v1

> If an[y] mechanic's lien is filed against the demised premises, or the building of which the same forms a part, for work claimed to have been done for, or materials furnished to, Tenant, whether or not done pursuant to this article, the same shall be <u>discharged</u> by Tenant within **30 days** thereafter, at Tenant's expense, by <u>payment</u> or <u>filing</u> a <u>bond</u> as permitted by law. (emphasis added).

**PLEASE TAKE FURTHER NOTICE**, that Article 45 of the Rider provides, with regard to Tenant's Initial Improvements (as that term is defined in the Lease), that "Tenant shall not suffer or permit any liens, hypothecations or security interest to be granted in or filed against Tenant's Initial Improvements … Tenant's Initial Improvements shall be constructed and installed in full compliance with Tenant's obligations under this Lease, including, without limitation, the terms and provisions of Article 3 and 47 hereof."

**PLEASE TAKE FURTHER NOTICE**, that Article 47(xi) of the Rider, supplementing Article 3, provides that "Tenant shall indemnify and save Owner harmless from and against any and all bills for labor performed and equipment, fixtures and material furnished to Tenant and from and against any and all <u>liens</u>, bills or <u>claims</u> therefor or against the <u>Demised Premises</u> or the <u>Building</u> and from and against all losses, damages, costs, expenses, suits and claims whatsoever in connection with any such work." (emphasis added).

**PLEASE TAKE FURTHER NOTICE**, that Article 17 of the Lease provides, in relevant part, that:

> If Tenant defaults in fulfilling any of the covenants of this lease other than the covenants for the payment of rent or additional rent … then, … upon Owner serving a written fifteen (15) day notice upon Tenant specifying the nature of said default, and upon the expiration of said fifteen (15) day period, and if Tenant shall not have diligently commenced curing such default within such fifteen (15) day period, and shall not thereafter with reasonable diligence and in good faith proceed to remedy or cure such default, then Owner may serve a written five (5) day notice of cancellation of this lease upon Tenant, and upon the expiration of said five (5) days, this lease and the term thereunder shall end and expire as fully and

- 2 -

completely as if the expiration of such five (5) day period were the day herein fixed for the end and expiration of this lease and the term thereof.

**PLEASE TAKE FURTHER NOTICE**, that Owner previously served a written demand upon Tenant on March 31, 2022 (**Exhibit A**), notifying Tenant of the Lien and demanding that Tenant discharge the Lien pursuant to the terms of the Lease on or before April 15, 2022.

**PLEASE TAKE FURTHER NOTICE**, that Owner served a second written demand upon Tenant, dated October 6, 2022 (**Exhibit B**), demanding that the lien be discharged, by bond or payment on or before October 14, 2022, and further demanding that Tenant indemnify and hold Owner harmless from Contractor's claims in the Action.

**PLEASE TAKE FURTHER NOTICE**, that Tenant is in default of its obligations under the Lease in that Tenant has (a) failed to discharge the Lien, and (b) failed to indemnify Owner from Contractor's claims in the Action (collectively, the "Default").

**PLEASE TAKE FURTHER NOTICE**, that Tenant must cure the Default on or before **July 31, 2023** (the "Cure Date"), that date which is at least fifteen (15) days from the date of service of this Fifteen (15) Day Notice of Default (the "Notice").

**PLEASE TAKE FURTHER NOTICE**, that if Tenant fails to cure the Default on or before the Cure Date, as aforesaid, then Owner will avail itself of any and all of its rights and remedies under the Lease (including, but not limited to, rights under Article 17 of the Lease) and at law.

**PLEASE TAKE FURTHER NOTICE**, that this Notice is being served upon Tenant pursuant to Articles 17 and 27 of the Lease, Article 56 of the Rider and applicable provisions of law.

- 3 -

RE\82146\0033\5113753v1

**PLEASE TAKE FURTHER NOTICE**, that any response to this Notice should be directed to the below-named attorneys for Owner.

Dated:   New York, New York          **852 EIGHTH LLC**
         July 12, 2023               *Owner*

                                     By: _____
                                          Name: Maidad Rabina
                                          Title: Member

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Owner*
733 Third Avenue
New York, New York 10017
(212) 867-6000

cc:   Berger, Fischoff, Shumer, Wexler, Goodman, LLP
      6901 Jericho Turnpike, Suite 230
      Syosset, New York 11791

- 4 -

RE\82146\0023\4687072v2

**Exhibit A**

March 31, 2022 Written Demand

# ROSENBERG & ESTIS, P.C.

ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Adam Lindenbaum
+1 (212) 551-8405
alindenbaum@rosenbergestis.com

March 31, 2022

**VIA CERTIFIED MAIL**

Portofindough, LLC
852 Eighth Avenue
New York, New York 10019

Re:   Notice of Mechanics Lien
      852 Eighth Avenue, New York, New York 10019

Dear Tenant,

This firm represents 852 Eighth LLC ("Landlord"), the landlord of the building located at 852 Eighth Avenue, New York, New York 10019 (the "Building"). Reference is made to that written Lease, dated July 1, 2021 (the "Lease") by and between Landlord and Portofindough, LLC ("Tenant"), concerning a portion of the ground floor and basement of the Building (the "Premises").

Please be advised that NYC Prestige Mechanical Corp. ("Contractor") has filed a mechanic's lien against the Building, dated March 15, 2022 (the "Lien"), in the sum of $143,735.00. According to the Lien (a copy of which is enclosed), Contractor was hired by Mr. Medhat Ahmed, Tenant's member, to perform construction at the Premises between September 29, 2021, and February 10, 2022.

Section 3 of the Lease provides, in pertinent part, that if "a mechanics lien is filed against the demised premises or the building of which the same forms a part, for work claimed to have been done for, or material furnished to, Tenant…the same shall be discharged within 30 days thereafter." Accordingly, Landlord hereby demands that Tenant discharge the Lien on or before **April 15, 2022**, that being not less than 30 days from the date the Lien was filed with the New York County Clerk.

This letter is without prejudice to Landlord's rights and remedies under the Lease and applicable law, which include, but is not limited to, Landlord's right to serve upon Tenant a default notice if the Lien is not timely discharged.  Thank you in advance for your cooperation.

Very truly yours,

Adam Lindenbaum

Encl.
cc:   **Via Certified Mail and Email**
      Robert A. Glick, Esq.
      600 Old Country Road, Suite 440
      Garden City, New York 11530
      rglick@bgbfirm.com

bcc:  Margarita Lagani

RE\82146\0023\4368931v1

**Exhibit B**

October 6, 2022 Written Demand

RE\82146\0033\5113753v1

# ROSENBERG & ESTIS, P.C.
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Joshua M. Filsoof
+1 (212) 551-1203
jfilsoof@rosenbergestis.com

October 6, 2022

**_Via Certified Mail, Return Receipt Requested_**

Portofindough, LLC
852 Eighth Avenue
New York, New York 10019

Re:    *NYC Prestige Mechanical Corp. v. Medhat Ahmed, et al.*;
       Supreme Court, New York County Index No. 652659/2022

Dear Tenant,

As you are aware, this office represents 852 Eighth LLC ("Landlord"), the landlord of the building located at 852 Eighth Avenue, New York, New York 10019 (the "Building"). Reference is made to that written Lease, dated July 1, 2021 (the "Lease") by and between Landlord and Portofindough, LLC ("Tenant"), concerning a portion of the ground floor and basement of the Building (the "Premises").

You were previously advised by our correspondence dated March 31, 2022, attached hereto as "Exhibit A", that NYC Prestige Mechanical Corp. ("Contractor") filed a mechanic's lien against the Building, dated March 15, 2022 (the "Lien"), in the sum of $143,735.00. In our March 31, 2022 correspondence, we demanded that Tenant discharge the Lien on or before April 15, 2022.

On or about April 8, 2022, you filed a Petition in the Supreme Court, New York County under Index Number 153054/2022, against the Contractor to discharge or cancel the Lien. By Decision and Order dated June 6, 2022, the Court denied that Petition. The Lien therefore continues to impermissibly burden the Building.

Please be advised that on or about July 29, 2022, Contractor filed an action (the "Action") against Tenant, Medhat Ahmed ("Guarantor"), and Landlord seeking, *inter alia*, to foreclose on the Lien. A copy of the Complaint is attached hereto as "Exhibit B".

Article 3 of the Lease provides, in relevant part, that:

> If an mechanic's lien is filed against the demised premises, or the building of which the same forms a part, for work claimed to have been done for, or materials furnished to, Tenant, whether or not done pursuant to this article, the same shall be <u>discharged</u> by Tenant within **30 days** thereafter, at Tenant's expense, by <u>payment</u> or <u>filing</u> a <u>bond</u> as permitted by law. (emphasis added).

Similarly, Article 45 of the Lease provides, with regard to Tenant's Initial Improvements (as that term is defined in the Lease), that "Tenant shall not suffer or permit any liens, hypothecations or security interest to be granted in or filed against Tenant's Initial Improvements... Tenant's Initial Improvements shall be constructed and installed in full compliance with Tenant's obligations under this Lease, including, without limitation, the terms and provisions of Article 3 and 47 hereof."

ROSENBERG&ESTIS, P.C.
ATTORNEYS AT LAW

October 6, 2022
Page 2

Article 47(xi) of the Lease, supplementing Article 3, then provides that "Tenant shall indemnify and save [Landlord] harmless from and against any and all bills for labor performed and equipment, fixtures and material furnished to Tenant and from and against any and all liens, bills or claims therefor or against the Demised Premises or the Building and from and against all losses, damages, costs, expenses, suits and claims whatsoever in connection with any such work."

Tenant is currently in breach of the Lease for its failure to discharge the Lien on or before April 15, 2022. Landlord hereby demands that Tenant immediately discharge the Lien - through payment or filing a bond - on or before **October 14, 2022**, that being seven (7) days of the date hereof. Landlord further demands that Tenant indemnify and hold Landlord harmless from Contractor's claims \in the Action.

This letter is without prejudice to Landlord's rights and remedies under the Lease and applicable law, which include, but is not limited to, Landlord's right to serve upon Tenant a default notice if the Lien is not timely discharged. Thank you in advance for your cooperation.

Very truly yours,

*/s Joshua Filsoof*

Joshua M. Filsoof

Encl.
cc:    ***Via Certified Mail and Email***
       Brad A. Schlossberg, Esq.
       6901 Jericho Turnpike, Suite 230
       Syosset, New York 11791
       bschlossberg@bfslawfirm.com

       Margarita Lagani (*via email*)

RE\82146\0023\4605660v1

# EXHIBIT A

# ROSENBERG & ESTIS, P.C.
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Adam Lindenbaum
+1 (212) 551-8405
alindenbaum@rosenbergestis.com

March 31, 2022

**VIA CERTIFIED MAIL**

Portofindough, LLC
852 Eighth Avenue
New York, New York 10019

Re:     Notice of Mechanics Lien
        852 Eighth Avenue, New York, New York 10019

Dear Tenant,

This firm represents 852 Eighth LLC ("Landlord"), the landlord of the building located at 852 Eighth Avenue, New York, New York 10019 (the "Building"). Reference is made to that written Lease, dated July 1, 2021 (the "Lease") by and between Landlord and Portofindough, LLC ("Tenant"), concerning a portion of the ground floor and basement of the Building (the "Premises").

Please be advised that NYC Prestige Mechanical Corp. ("Contractor") has filed a mechanic's lien against the Building, dated March 15, 2022 (the "Lien"), in the sum of $143,735.00. According to the Lien (a copy of which is enclosed), Contractor was hired by Mr. Medhat Ahmed, Tenant's member, to perform construction at the Premises between September 29, 2021, and February 10, 2022.

Section 3 of the Lease provides, in pertinent part, that if "a mechanics lien is filed against the demised premises or the building of which the same forms a part, for work claimed to have been done for, or material furnished to, Tenant…the same shall be discharged within 30 days thereafter." Accordingly, Landlord hereby demands that Tenant discharge the Lien on or before **April 15, 2022**, that being not less than 30 days from the date the Lien was filed with the New York County Clerk.

This letter is without prejudice to Landlord's rights and remedies under the Lease and applicable law, which include, but is not limited to, Landlord's right to serve upon Tenant a default notice if the Lien is not timely discharged.  Thank you in advance for your cooperation.

Very truly yours,

Adam Lindenbaum

Encl.
cc:     **Via Certified Mail and Email**
        Robert A. Glick, Esq.
        600 Old Country Road, Suite 440
        Garden City, New York 11530
        rglick@bgbfirm.com

bcc:    Margarita Lagani

RE\82146\0023\4368931v1

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
NYC PRESTIGE MECHANICAL, CORP.                          Index No.

                              Plaintiff,

v.                                                      **SUMMONS**



MEDHAT AHMED, 852 EIGHTH LLC., and
PORTOFINDOUGH, LLC.,
                              Defendants,
-------------------------------------------------------------------X

To the above named Defendants:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

        Dated: Uniondale, New York
                July 29, 2022




                              Yours etc.,

                              JAMES J. CORBETT, PC

                              By: _James J. Corbett_
                                   James J. Corbett
                                   **Attorney for Plaintiff,**
                                   NYC Prestige Services, Inc.
                                   405 RXR Plaza
                                   Uniondale, NY 11556
                                   (516) 679-9494

**Defendant's Address:**

MEDHAT AHMED
852 Eighth Avenue
New York, NY 12207

852 EIGHTH LLC
c/o Geral associates, LLC.
505 Fifth Avenue
New York, NY 10017

PORTOFINDOUGH, LLC
852 Eighth Avenue
New York, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
NYC PRESTIGE MECHANICAL, CORP.                              Index No.

                                    Plaintiff,

v.                                                         **VERIFIED COMPLAINT**


MEDHAT AHMED, 852 EIGHTH LLC., and
PORTOFINDOUGH, LLC.,
                                    Defendants,
-------------------------------------------------------------------X

      NYC Prestige Mechanical, Corp. ("NYC Prestige"), by its attorney, James J. Corbett,

P.C., on its own behalf and on behalf of all others in the class of Lien Law Trust Beneficiaries of

a Trust to share in the funds hereinafter referred to, as and for it Verified Complaint, alleges the

following:

      1.     NYC Prestige is a domestic business corporation formed and existing under the

laws of the State of New York.

      2.     Upon information and belief, Defendant, Medhat Ahmed ("Ahmed") is an

individual residing in the State of New York.

      3.     Upon information and belief, 852 Eighth, LLC ("852 Eighth") is a domestic

liability company formed and existing under the laws of the State of New York.

      4.     Upon information and belief, Portofindough LLC (Portofindough") is a domestic

liability company formed and existing under the laws of the State of New York.

      5.     Upon information and belief Ahmed is the principal member of Portofindough

who controlled the finances of Portofindough and was responsible for all payments to be made to

NYC Prestige set forth herein.

1

6. Upon information and belief, Defendant, 852 Eighth, was and still is the owner of the premises located in the County of New York, State of New York known as 852 Eight Avenue, New York, New York, Block 1023, Lot 2 ("Premises").

7. Upon information and belief, on or around July 1, 2021, Ahmed entered into a lease with 852 Eighth, whereby Ahmed leased a portion of the Premises wherein Ahmed was to operate a restaurant.

8. Upon information and belief, on or around July 1, 2021, Portofindough entered into a lease with 852 Eighth, whereby Portofindough leased a portion of the Premises wherein Portofindough was to operate a restaurant.

9. In or around September 2021, Ahmed and NYC Prestige agreed that NYC Prestige would provide certain construction work for the build out of the restaurant at the Premise ("Project").

10. In or around September 2021, Portofindough and NYC Prestige agreed that NYC Prestige would provide certain construction work for the build out of the restaurant at the Premise ("Project").

11. Initially, NYC Prestige and Ahmed agreed that NYC Prestige would provide FIFTY-FOUR THOUSAND NINE HUNDRED ($54,900.00) DOLLARS.

12. Initially, NYC Prestige and Portofindough agreed that NYC Prestige would provide FIFTY-FOUR THOUSAND NINE HUNDRED ($54,900.00) DOLLARS.

13. Thereafter, Ahmed and NYC Prestige agreed that NYC Prestige would provide additional work for the Project.

14. Thereafter, Portofindough and NYC Prestige agreed that NYC Prestige would provide additional work for the Project.

2

15.     Pursuant to the agreement, NYC Prestige provided ONE HUNDRED SIXTY-THREE THOUSAND SEVEN HUNDRED THIRTY-FIVE ($158,735.00) DOLLARS worth of work for the Project.

16.     NYC PRESTIGE was the general contractor for the Project.

17.     The work NYC Prestige provided for the Project included plumbing, running a main gas pipe from the building meter to kitchen, electrical, renovation of bathroom, installation of bathroom, painting, mold, tile and trim work.

18.     NYC Prestige hired licensed subcontractors to perform the plumbing and electrical work.

19.     852 Eighth was aware of, and consented to, NYC Prestige providing the work for the Project.

20.     The price to be paid to NYC Prestige under the agreement for labor performed and materials furnished was $158,735.00.

21.     NYC Prestige performed all labor and furnished all materials required under the agreement.

22.     NYC Prestige was paid all but $143,735.00 for the work provided for the Project.

23.     NYC Prestige last performed work at the Project on February 20, 2022.

24.     On or about March 18, 2022, NYC Prestige filed a mechanic's lien against the Premises.


**FIRST CAUSE OF ACTION**
**(Foreclose Mechanic's Lien)**

25.     NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

3

26.     The services provided by NYC Prestige were used or intended for use in connection with the construction of the Project with the knowledge and consent of the owners of the Premises and the parties with whom NYC Prestige contracted.

27.     On or about March 18, 2022, approximately one month from the last day of which NYC Prestige furnished services for the benefit and improvement of the Premises in connection with the agreement, NYC Prestige caused a written Notice of Mechanic's Lien, containing all information required by the New York Lien Law (the "Lien"), to be duly filed and entered with the Clerk of New York County, which Lien was docketed in accordance with the Lien Law of the State of New York.

28.     NYC Prestige served the Lien upon Defendants by mailing a true and complete copy thereof, via certified mail, return receipt requested.

29.     NYC Prestige perfected the Lien by timely filing proof of service with the Clerk of New York County, pursuant to Lien Law §11 and 11-b.

30.     By reason of the foregoing, NYC Prestige has acquired a valid Lien against the Premises in the sum of ONE HUNDRED FORTY-THREE THOUSAND SEVEN HUNDRED THIRTY-FIVE ($143,735.00) DOLLARS.

31.     Upon information and belief, to the extent that other claims and/or liens exist against the Premises, they are subsequent and subordinate to NYC Prestige's Lien and NYC Prestige has no knowledge of other outstanding liens on the Premises, except as set forth in the pleadings.

32.     NYC Prestige's Lien has not been paid and no other action or proceeding, at law or in equity, has been brought by NYC Prestige for the foreclosure or enforcement thereof or for the recovery of the monies thereby received or any part thereof.

4

33. By reason of the foregoing, NYC Prestige has been damaged in the amount of $143,735.00, together with costs and interest thereon.

### SECOND CAUSE OF ACTION
### (Unjust Enrichment)

34. NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

35. NYC Prestige has conferred a benefit upon Defendants in the form of labor and materials furnished for the Project, including certain construction and related services.

36. Defendants continue to reap the benefit NYC Prestige conferred without payment for the reasonable value thereof and to the detriment of NYC Prestige.

37. Defendants have been unjustly enriched by the retention of NYC Prestige's furnished services and materials.

38. By reason of the foregoing, NYC Prestige has been damaged in an amount not less than $143,735.00, together with costs and interest thereon.

### THIRD CAUSE OF ACTION
### (Quantum Meruit)

39. NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

40. NYC Prestige furnished services and materials in good faith for the Project.

41. Defendants accepted NYC Prestige's services and materials for the Project.

42. There was an expectation that NYC Prestige would receive compensation.

43.     The fair and reasonable value of construction services furnished by NYC Prestige for the Project for which NYC Prestige has not received compensation is an amount not less than $143,735.00, together with costs and interest thereon.

## FOURTH CAUSE OF ACTION
### (Diversion of Lien Law Trust Funds)

44.     NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

45.     Upon information and belief, amounts Defendants paid out on the Project constitute trust funds of which they were trustees under the Lien Law, and such funds were required by law to be first expended and applied for the payment of the costs of the improvement.

46.     Upon information and belief, the assets of the trust are the funds received under a construction loan, building loan mortgage or home improvement loan.

47.     Upon information and belief, the assets of the trust are the funds received under a mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion of improvements.

48.     Upon information and belief, the assets of the trust are the funds received as consideration for a conveyance recorded subsequent to the commencement of the improvement and before the expiration of four months after completion thereof.

49.     Upon information and belief, the assets of the trust are the funds received as consideration for, or advances, secured by an assignment of rents due or to become due under an existing or future lease or tenancy of the Premises.

6

50.     Upon information and belief, the assets of the trust are the funds received as proceeds of any insurance payable because of the destruction of the Premises or its removal by fire or other casualty.

51.     Upon information and belief, the assets of the trust are the funds received under an executory contract for the sale of real property and the improvement thereof by the construction of a building thereon.

52.     Defendants were Trustees as defined in the Lien Law and were required to hold the assets in trust for the benefit of NYC Prestige.

53.     Upon information and belief, one, several, or all Defendants made unauthorized, illegal and unjustified and improper payment(s) and diversion(s) of trust fund by operation of law.

54.     The use of such funds was with notice and knowledge of the source and origin thereof, and with the notice and knowledge of the claims of NYC Prestige to payment out of such funds.

55.     In accepting and retaining such proceeds, Defendants unlawfully diverted these funds from the statutory beneficiaries.

56.     Upon information and belief, Defendants have unlawfully diverted trust funds.

57.     Upon information and belief, there may be additional claimants against the Project as a result of the Defendants' failure to properly apply trust funds.

58.     In addition to the foregoing, upon information and belief, notwithstanding debts owed to NYC Prestige, the Defendants have failed to keep and maintain books and records for trust funds required by Lien Law §75.

59.     Pursuant to Lien Law §75, failure of the trustee to keep the books and records required by that section in presumptive evidence that the trustee has applied or consented to the

7

application of trust funds actually received by him as money for purposes other than a purpose

for the trust as specified in Lien Law §71. Lien Law §79 provides that any trustee of a trust

arising under Lien Law art. 3-A, and any officer or director of such trustees who applies or

consents to the application of trust funds actually received by him as money for purposes of that

trust as defined in Lien Law §71 is guilty of larceny and punishable as provided in the Penal

Law.

60.      Accordingly, the individual officers and/or directors of each of the Defendants

have violated the Lien Law and are presumed to have committed an act which under New York

law constituted a larceny. Since the above acts constitute a public harm in violation of public

policy as well as violation of Lien Law, the conduct of the Defendants jointly and severally is a

public wrong, which wrong has simultaneously injured NYC Prestige.

61.      Because of the egregious conduct of the Defendants in distributing trust monies in

blatant violation of the Lien Law accompanied by malice or reckless or willful disregard of NYC

Prestige's rights, NYC Prestige is entitled to receive attorneys' fees and exemplary and punitive

damages against the Defendants.

62.      This present action is brought pursuant to the provisions of the Lien Law on

behalf of NYC Prestige and on behalf of all other Lien Law Trust Beneficiaries who may seek to

be vouched in, and who shall contribute to the expense of this action and participate in the

proceeds thereof.

63.      Upon information and belief, one year has not elapsed since the completion of the

improvement upon which NYC Prestige's claim rose.

**FIFTH CAUSE OF ACTION**
**(Breach of Contract)**

64.     NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

65.     Defendants agreed to pay NYC Prestige for the work provided for the Project.

66.     NYC Prestige provided work, labor and material for the Project at Defendants' request and pursuant to the agreement between NYC Prestige and Defendants at the agreed upon price and with a reasonable value of $158,735.00.

67.     Defendants accepted and retained the work, labor and material provided by NYC Prestige for the Project without dispute or objection thereto.

68.     No part of the $158,735.00 has been paid to NYC Prestige except $15,000.00, and there is now due and owing from Defendants to NYC Prestige the amount of $143,735.00.

69.     By reason of the foregoing, Defendants have breached the agreement and NYC Prestige has been damaged in an amount not less than $143,735.00, together with costs and interest thereon.

## SIXTH CAUSE OF ACTION
### (Fraud)

70.     NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

71.     Ahmed and Portofindough misrepresented to NYC Prestige that NYC Prestige would receive a fifteen (15%) interest in Portofindough in return for NYC Prestige providing work valued at $54,900.00 for the Project.

72.     NYC Prestige relied upon Ahmed and Portofindoughs' misrepresentations.

73.     NYC Prestige provided work valued at $54,900.00 for the Project.

9

74. After NYC Prestige provided work valued at $54,900.00 for the Project, Ahmed and Portofindough did not give NYC Prestige any interest in Portofindough.

75. After NYC Prestige provided work valued at $54,900.00 for the Project, Ahmed and Portofindough misrepresented to NYC Prestige that they would give NYC Prestige a twenty (20%) percent interest in Portofindough if NYC Prestige provided additional work for the Project.

76. NYC Prestige relied upon Ahmed and Portofindoughs' misrepresentations.

77. NYC Prestige provided the additional work requested by Ahmed and Portofindough.

78. After NYC Prestige provided the additional work, Ahmed and Portofindough did not give NYC Prestige any interest in Portofindough.

79. By reason of the foregoing, NYC Prestige has been damaged in an amount not less than $143,735.00, together with costs and interest thereon.

**WHEREFORE,** NYC Prestige demands judgment,

(a) On its First Cause of Action, for lien foreclosure (i) adjudging NYC Prestige to have a good and valid lien in connection with the Project and entitled to judgment on the Lien in the amount of $143,735.00 plus interest thereon together with the costs of this action, and (ii) directing Defendants to pay said judgment in the amount of $143,735.00, with interest thereon together with the costs and disbursements for this action;

(b) On NYC Prestige's Second, Third, Fifth and sixth Causes of action in an amount not less than $143,735.00, together with costs and interest thereon.

(c) On NYC Prestige's Fourth Causes of Action, granting said causes of action against the Defendant in their entirety in an amount not less than $143,735.00, plus attorneys' fees, and punitive damages with interest and the costs and disbursements for this action;

(d) Awarding NYC Prestige's attorney's fees, disbursements and costs incurred in pressing its claims; and

(e) Granting such other relief as this Court deems proper.

Dated: Uniondale, New York
        July  29 2022

Yours etc.,

JAMES J. CORBETT, PC

By: _____
        James J. Corbett
        *Attorney for Plaintiff,*
        NYC Prestige Services, Inc.
        405 RXR Plaza
        Uniondale, NY 11556
        (516) 679-9494

**Defendant's Address:**

MEDHAT AHMED
852 Eighth Avenue
New York, NY 12207

852 EIGHTH LLC
c/o Geral associates, LLC.
505 Fifth Avenue
New York, NY 10017

PORTOFINDOUGH, LLC
852 Eighth Avenue
New York, NY 12207

11

STATE OF NEW YORK )
                     ss.:
COUNTY OF KINGS )

STANLEY LEONOV, being duly sworn, deposes and says:

That deponent, STANLEY LEONOV, was the President of the Defendant, NYC PRESTIGE
MECHANICAL CORP., in the within action; that deponent has read the foregoing VERIFIED
COMPLAINT and knows the content thereof; the same is true to deponent's knowledge, except
as to matters therein stated to be alleged on information and belief, and that as to those matters
deponent believes them to be true.

NYC PRESTIGE MECHANICAL CORP.

By: _____
             STANLEY LEONOV

Sworn to before me this
29 day of July 2022

_____
Notary Public

PAUL S. LIPTON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 24-7868400
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES NOVEMBER 30, 2022

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF NEW YORK     )

The undersigned, being duly sworn deposes and says:

1.       I am not a party to this action, am over 18 years of age and am employed at 733 Third Avenue, New York, New York 10017.

2.       That on **July 12, 2023**, I served **one (1)** true copy of the **Fifteen (15) Day Notice of Default** upon:

<table>
<tr><td>

**PORTOFINDOUGH, LLC**
**852 Eighth Avenue**
**New York, New York 10019**

</td><td>

**Berger, Fischoff, Shumer, Wexler,**
**Goodman, LLP**
**6901 Jericho Turnpike, Suite 230**
**Syosset, New York 11791**

</td></tr>
</table>

by overnight courier by:

FedEx, by delivering same in a properly addressed wrapper into the custody of FedEx for overnight delivery, prior to the latest time designated by FedEx for overnight delivery, under the exclusive care and custody of FedEx within the City and State of New York.

_____
**Ronald Checkley, Jr.**

Sworn to before me this
**13th day of July, 2023**

_____
Notary Public

JOHN J. FRANCO
NOTARY PUBLIC, STATE OF NEW YORK
No. 01FR6411890
Qualified in Nassau County
Commission Expires December 07, 2024

RE\82146\0033\5121850v1

**EXHIBIT C**

(The Five (5) Day Termination Notice With Proof of Service)

RE\82146\0033\5176644v1

# FIVE (5) DAY NOTICE OF TERMINATION OF LEASE

TO:    TENANT:        Portofindough, LLC ("Tenant")
                              852 Eighth Avenue
                              New York, New York 10019

RE:    PREMISES:     A Portion of Ground Floor and Basement (the "Premises")
                              in the building at 852 Eighth Avenue, New York, NY (the "Building")

**PLEASE TAKE NOTICE**, that 852 Eighth LLC ("Owner") is the owner and landlord of the Premises.

**PLEASE TAKE FURTHER NOTICE**, that Tenant is in possession of the Premises pursuant to a written lease agreement and rider thereto (the "Rider"), dated July 1, 2021, by and between Owner, as landlord, and Tenant, as tenant (the "Original Lease"), as modified by forbearance letter agreement, dated May 23, 2023 (the "Agreement", collectively, with the Original Lease and Rider, the "Lease"). All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

**PLEASE TAKE FURTHER NOTICE,** that Landlord previously served upon Tenant a Fifteen (15) Day Notice of Default, dated July 12, 2023 (the "July 12 Notice"), requiring that Tenant cure the defaults set forth therein on or before July 31, 2023 (the "Cure Date") by (a) discharging the mechanic's lien filed by NYC Prestige Mechanical Corp. ("Contractor"), dated March 15, 2022, in the sum of $143,735.00 (the "Lien"), and (b) indemnifying Owner from Contractor's claims in the action filed in Supreme Court, New York County, Index No. 652659/2022 seeking, *inter alia*, to foreclose on the Lien. A copy of the July 12 Notice, with proof of service, is annexed hereto and made a part hereof as if fully set forth herein.

**PLEASE TAKE FURTHER NOTICE**, that, based upon Tenant's failure to cure the defaults set forth in the July 12 Notice on or before the Cure Date, and in accordance with Article 17 of the Original Lease, Landlord hereby elects to terminate the Lease effective as of **August 11, 2023** (the "Termination Date"), that being a date which is at least five (5) days after the service of this notice, on which Termination Date the Lease and the term and estate granted thereunder shall end and expire as fully and completely as if the expiration of such five (5) day period were the date definitely fixed for the end and expiration of the Lease and the term thereof.

**PLEASE TAKE FURTHER NOTICE**, that Tenant is hereby required to quit and surrender possession of the Premises to Landlord on or before the Termination Date and, upon failure to do so, Landlord will exercise its rights and remedies under the Lease and applicable law including, without limitation, commencing an action or proceeding in a court of competent jurisdiction to remove you and any others from the Premises and/or obtain a money judgment for all amounts due under the Lease.

**PLEASE TAKE FURTHER NOTICE**, that this Notice is being served upon Tenant pursuant to Articles 17 and 27 of the Lease, Article 56 of the Rider and applicable provisions of law.

- 2 -

RE\82146\0033\5144357v1

**PLEASE TAKE FURTHER NOTICE**, that any response to this Notice should be directed to the below-named attorneys for Owner.

Dated:    New York, New York           **852 EIGHTH LLC**
          August 2, 2023               *Owner*

                                       By: _____
                                           Name: Maidad Rabina
                                           Title: Member

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Owner*
733 Third Avenue
New York, New York 10017
(212) 867-6000


cc:    Berger, Fischoff, Shumer, Wexler, Goodman, LLP
       6901 Jericho Turnpike, Suite 230
       Syosset, New York 11791

- 3 -

RE\82146\0033\5113753v1

# FIFTEEN (15) DAY NOTICE OF DEFAULT

TO:   TENANT:        Portofindough, LLC ("Tenant")
                            852 Eighth Avenue
                            New York, New York 10019

RE:   PREMISES:     A Portion of Ground Floor and Basement (the "Premises")
                            in the building at 852 Eighth Avenue, New York, NY (the "Building")

**PLEASE TAKE NOTICE**, that 852 Eighth LLC ("Owner") is the owner and landlord of the Premises.

**PLEASE TAKE FURTHER NOTICE**, that Tenant is in possession of the Premises pursuant to a written lease agreement and rider thereto (the "Rider"), dated July 1, 2022, by and between Owner, as landlord, and Tenant, as tenant (the "Original Lease"), as modified by forbearance letter agreement, dated May 23, 2023 (the "Agreement", collectively, with the Original Lease and Rider, the "Lease"). All capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

**PLEASE TAKE FURTHER NOTICE**, that NYC Prestige Mechanical Corp. ("Contractor") filed a mechanic's lien against the Building, dated March 15, 2022 (the "Lien"), in the sum of $143,735.00.

**PLEASE TAKE FURTHER NOTICE**, that on or about July 29, 2022, Contractor filed an action in Supreme Court, New York County, Index No. 652659/2022 (the "Action") against Tenant, Guarantor, and Owner seeking, *inter alia*, to foreclose on the Lien.

**PLEASE TAKE FURTHER NOTICE**, Article 3 of the Lease provides, in relevant part, that:

> If an[y] mechanic's lien is filed against the demised premises, or the building of which the same forms a part, for work claimed to have been done for, or materials furnished to, Tenant, whether or not pursuant to this article, the same shall be <u>discharged</u> by Tenant within **30 days** thereafter, at Tenant's expense, by <u>payment</u> or <u>filing</u> a <u>bond</u> as permitted by law. (emphasis added).

**PLEASE TAKE FURTHER NOTICE**, that Article 45 of the Rider provides, with regard to Tenant's Initial Improvements (as that term is defined in the Lease), that "Tenant shall not suffer or permit any liens, hypothecations or security interest to be granted in or filed against Tenant's Initial Improvements … Tenant's Initial Improvements shall be constructed and installed in full compliance with Tenant's obligations under this Lease, including, without limitation, the terms and provisions of Article 3 and 47 hereof."

**PLEASE TAKE FURTHER NOTICE**, that Article 47(xi) of the Rider, supplementing Article 3, provides that "Tenant shall indemnify and save Owner harmless from and against any and all bills for labor performed and equipment, fixtures and material furnished to Tenant and from and against any and all <u>liens</u>, bills or <u>claims</u> therefor or against the <u>Demised</u> <u>Premises</u> or the <u>Building</u> and from and against all losses, damages, costs, expenses, suits and claims whatsoever in connection with any such work." (emphasis added).

**PLEASE TAKE FURTHER NOTICE**, that Article 17 of the Lease provides, in relevant part, that:

> If Tenant defaults in fulfilling any of the covenants of this lease other than the covenants for the payment of rent or additional rent … then, … upon Owner serving a written fifteen (15) day notice upon Tenant specifying the nature of said default, and upon the expiration of said fifteen (15) day period, and if Tenant shall not have diligently commenced curing such default within such fifteen (15) day period, and shall not thereafter with reasonable diligence and in good faith proceed to remedy or cure such default, then Owner may serve a written five (5) day notice of cancellation of this lease upon Tenant, and upon the expiration of said five (5) days, this lease and the term thereunder shall end and expire as fully and

- 2 -

completely as if the expiration of such five (5) day period were the day herein fixed for the end and expiration of this lease and the term thereof.

**PLEASE TAKE FURTHER NOTICE**, that Owner previously served a written demand upon Tenant on March 31, 2022 (**Exhibit A**), notifying Tenant of the Lien and demanding that Tenant discharge the Lien pursuant to the terms of the Lease on or before April 15, 2022.

**PLEASE TAKE FURTHER NOTICE**, that Owner served a second written demand upon Tenant, dated October 6, 2022 (**Exhibit B**), demanding that the lien be discharged, by bond or payment on or before October 14, 2022, and further demanding that Tenant indemnify and hold Owner harmless from Contractor's claims in the Action.

**PLEASE TAKE FURTHER NOTICE**, that Tenant is in default of its obligations under the Lease in that Tenant has (a) failed to discharge the Lien, and (b) failed to indemnify Owner from Contractor's claims in the Action (collectively, the "Default").

**PLEASE TAKE FURTHER NOTICE**, that Tenant must cure the Default on or before **July 31, 2023** (the "Cure Date"), that date which is at least fifteen (15) days from the date of service of this Fifteen (15) Day Notice of Default (the "Notice").

**PLEASE TAKE FURTHER NOTICE**, that if Tenant fails to cure the Default on or before the Cure Date, as aforesaid, then Owner will avail itself of any and all of its rights and remedies under the Lease (including, but not limited to, rights under Article 17 of the Lease) and at law.

**PLEASE TAKE FURTHER NOTICE**, that this Notice is being served upon Tenant pursuant to Articles 17 and 27 of the Lease, Article 56 of the Rider and applicable provisions of law.

- 3 -

**PLEASE TAKE FURTHER NOTICE**, that any response to this Notice should be directed to the below-named attorneys for Owner.

Dated: New York, New York
July 12, 2023

**852 EIGHTH LLC**
*Owner*

By: _____
Name: Maidad Rabina
Title: Member

**ROSENBERG & ESTIS, P.C.**
*Attorneys for Owner*
733 Third Avenue
New York, New York 10017
(212) 867-6000

cc: Berger, Fischoff, Shumer, Wexler, Goodman, LLP
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791

- 4 -

RE\82146\0023\4687072v2

**Exhibit A**

March 31, 2022 Written Demand

# ROSENBERG & ESTIS, P.C.
## ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Adam Lindenbaum
+1 (212) 551-8405
alindenbaum@rosenbergestis.com

March 31, 2022

**VIA CERTIFIED MAIL**

Portofindough, LLC
852 Eighth Avenue
New York, New York 10019

Re:     Notice of Mechanics Lien
        852 Eighth Avenue, New York, New York 10019

Dear Tenant,

This firm represents 852 Eighth LLC ("Landlord"), the landlord of the building located at 852 Eighth Avenue, New York, New York 10019 (the "Building"). Reference is made to that written Lease, dated July 1, 2021 (the "Lease") by and between Landlord and Portofindough, LLC ("Tenant"), concerning a portion of the ground floor and basement of the Building (the "Premises").

Please be advised that NYC Prestige Mechanical Corp. ("Contractor") has filed a mechanic's lien against the Building, dated March 15, 2022 (the "Lien"), in the sum of $143,735.00. According to the Lien (a copy of which is enclosed), Contractor was hired by Mr. Medhat Ahmed, Tenant's member, to perform construction at the Premises between September 29, 2021, and February 10, 2022.

Section 3 of the Lease provides, in pertinent part, that if "a mechanics lien is filed against the demised premises or the building of which the same forms a part, for work claimed to have been done for, or material furnished to, Tenant…the same shall be discharged within 30 days thereafter." Accordingly, Landlord hereby demands that Tenant discharge the Lien on or before **April 15, 2022**, that being not less than 30 days from the date the Lien was filed with the New York County Clerk.

This letter is without prejudice to Landlord's rights and remedies under the Lease and applicable law, which include, but is not limited to, Landlord's right to serve upon Tenant a default notice if the Lien is not timely discharged. Thank you in advance for your cooperation.

Very truly yours,

Adam Lindenbaum

Encl.
cc:     **Via Certified Mail and Email**
        Robert A. Glick, Esq.
        600 Old Country Road, Suite 440
        Garden City, New York 11530
        rglick@bgbfirm.com

bcc:    Margarita Lagani

RE\82146\0023\4368931v1

**Exhibit B**

October 6, 2022 Written Demand

RE\82146\0033\5113753v1

# ROSENBERG&ESTIS, P.C.
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Joshua M. Filsoof
+1 (212) 551-1203
jfilsoof@rosenbergestis.com

October 6, 2022

*__Via Certified Mail, Return Receipt Requested__*

Portofindough, LLC
852 Eighth Avenue
New York, New York 10019

Re:    *NYC Prestige Mechanical Corp. v. Medhat Ahmed, et al.*;
        <u>Supreme Court, New York County Index No. 652659/2022</u>

Dear Tenant,

As you are aware, this office represents 852 Eighth LLC ("Landlord"), the landlord of the building located at 852 Eighth Avenue, New York, New York 10019 (the "Building"). Reference is made to that written Lease, dated July 1, 2021 (the "Lease") by and between Landlord and Portofindough, LLC ("Tenant"), concerning a portion of the ground floor and basement of the Building (the "Premises").

You were previously advised by our correspondence dated March 31, 2022, attached hereto as "<u>Exhibit A</u>", that NYC Prestige Mechanical Corp. ("Contractor") filed a mechanic's lien against the Building, dated March 15, 2022 (the "Lien"), in the sum of $143,735.00. In our March 31, 2022 correspondence, we demanded that Tenant discharge the Lien on or before April 15, 2022.

On or about April 8, 2022, you filed a Petition in the Supreme Court, New York County under Index Number 153054/2022, against the Contractor to discharge or cancel the Lien. By Decision and Order dated June 6, 2022, the Court denied that Petition. The Lien therefore continues to impermissibly burden the Building.

Please be advised that on or about July 29, 2022, Contractor filed an action (the "Action") against Tenant, Medhat Ahmed ("Guarantor"), and Landlord seeking, *inter alia*, to foreclose on the Lien. A copy of the Complaint is attached hereto as "<u>Exhibit B</u>".

Article 3 of the Lease provides, in relevant part, that:

> If an mechanic's lien is filed against the demised premises, or the building of which the same forms a part, for work claimed to have been done for, or materials furnished to, Tenant, whether or not done pursuant to this article, the same shall be <u>discharged</u> by Tenant within **30 days** thereafter, at Tenant's expense, by <u>payment</u> or <u>filing</u> a <u>bond</u> as permitted by law. (emphasis added).

Similarly, Article 45 of the Lease provides, with regard to Tenant's Initial Improvements (as that term is defined in the Lease), that "Tenant shall not suffer or permit any liens, hypothecations or security interest to be granted in or filed against Tenant's Initial Improvements… Tenant's Initial Improvements shall be constructed and installed in full compliance with Tenant's obligations under this Lease, including, without limitation, the terms and provisions of Article 3 and 47 hereof."

RE\82146\0023\4605660v1

**ROSENBERG** & **ESTIS**, P.C.
ATTORNEYS AT LAW

October 6, 2022
Page 2

Article 47(xi) of the Lease, supplementing Article 3, then provides that "Tenant shall indemnify and save [Landlord] harmless from and against any and all bills for labor performed and equipment, fixtures and material furnished to Tenant and from and against any and all <u>liens</u>, bills or <u>claims</u> therefor or against the <u>Demised Premises</u> or the <u>Building</u> and from and against all losses, damages, costs, expenses, suits and claims whatsoever in connection with any such work."

Tenant is currently in breach of the Lease for its failure to discharge the Lien on or before April 15, 2022. Landlord hereby demands that Tenant immediately discharge the Lien - through payment or filing a bond - on or before **October 14, 2022**, that being seven (7) days of the date hereof. Landlord further demands that Tenant indemnify and hold Landlord harmless from Contractor's claims \in the Action.

This letter is without prejudice to Landlord's rights and remedies under the Lease and applicable law, which include, but is not limited to, Landlord's right to serve upon Tenant a default notice if the Lien is not timely discharged. Thank you in advance for your cooperation.

Very truly yours,

*/s Joshua Filsoof*

Joshua M. Filsoof

Encl.
cc:     ***Via Certified Mail and Email***
        Brad A. Schlossberg, Esq.
        6901 Jericho Turnpike, Suite 230
        Syosset, New York 11791
        bschlossberg@bfslawfirm.com

        Margarita Lagani (*via email*)

RE\82146\0023\4605660v1

# EXHIBIT A

# ROSENBERG & ESTIS, P.C.
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Adam Lindenbaum
+1 (212) 551-8405
alindenbaum@rosenbergestis.com

March 31, 2022

**VIA CERTIFIED MAIL**

Portofindough, LLC
852 Eighth Avenue
New York, New York 10019

Re:     Notice of Mechanics Lien
       <u>852 Eighth Avenue, New York, New York 10019</u>

Dear Tenant,

This firm represents 852 Eighth LLC ("Landlord"), the landlord of the building located at 852 Eighth Avenue, New York, New York 10019 (the "Building"). Reference is made to that written Lease, dated July 1, 2021 (the "Lease") by and between Landlord and Portofindough, LLC ("Tenant"), concerning a portion of the ground floor and basement of the Building (the "Premises").

Please be advised that NYC Prestige Mechanical Corp. ("Contractor") has filed a mechanic's lien against the Building, dated March 15, 2022 (the "Lien"), in the sum of $143,735.00. According to the Lien (a copy of which is enclosed), Contractor was hired by Mr. Medhat Ahmed, Tenant's member, to perform construction at the Premises between September 29, 2021, and February 10, 2022.

Section 3 of the Lease provides, in pertinent part, that if "a mechanics lien is filed against the demised premises or the building of which the same forms a part, for work claimed to have been done for, or material furnished to, Tenant…the same shall be discharged within 30 days thereafter." Accordingly, Landlord hereby demands that Tenant discharge the Lien on or before **April 15, 2022**, that being not less than 30 days from the date the Lien was filed with the New York County Clerk.

This letter is without prejudice to Landlord's rights and remedies under the Lease and applicable law, which include, but is not limited to, Landlord's right to serve upon Tenant a default notice if the Lien is not timely discharged.  Thank you in advance for your cooperation.

Very truly yours,

Adam Lindenbaum

Encl.

cc:     **Via Certified Mail and Email**
       Robert A. Glick, Esq.
       600 Old Country Road, Suite 440
       Garden City, New York 11530
       rglick@bgbfirm.com

bcc:    Margarita Lagani

RE\82146\0023\4368931v1

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
NYC PRESTIGE MECHANICAL, CORP.                                    Index No.

                              Plaintiff,

v.                                                               **SUMMONS**


MEDHAT AHMED, 852 EIGHTH LLC., and
PORTOFINDOUGH, LLC.,

                              Defendants,

------------------------------------------------------------------X

To the above named Defendants:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Dated: Uniondale, New York
             July 29, 2022



                    Yours etc.,

                    JAMES J. CORBETT, PC

          By: _James J. Corbett_____
               James J. Corbett
              ***Attorney for Plaintiff,***
             NYC Prestige Services, Inc.
             405 RXR Plaza
             Uniondale, NY 11556
             (516) 679-9494

**Defendant's Address:**

MEDHAT AHMED
852 Eighth Avenue
New York, NY 12207

852 EIGHTH LLC
c/o Geral associates, LLC.
505 Fifth Avenue
New York, NY 10017

PORTOFINDOUGH, LLC
852 Eighth Avenue
New York, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
NYC PRESTIGE MECHANICAL, CORP.                         Index No.

                                        Plaintiff,
                                                        **VERIFIED COMPLAINT**
v.



MEDHAT AHMED, 852 EIGHTH LLC., and
PORTOFINDOUGH, LLC.,
                                        Defendants,
--------------------------------------------------------------------X

      NYC Prestige Mechanical, Corp.  ("NYC Prestige"), by its attorney, James J. Corbett,

P.C., on its own behalf and on behalf of all others in the class of Lien Law Trust Beneficiaries of

a Trust to share in the funds hereinafter referred to, as and for it Verified Complaint, alleges the

following:

      1.     NYC Prestige is a domestic business corporation formed and existing under the

laws of the State of New York.

      2.     Upon information and belief, Defendant, Medhat Ahmed ("Ahmed") is an

individual residing in the State of New York.

      3.     Upon information and belief, 852 Eighth, LLC ("852 Eighth") is a domestic

liability company formed and existing under the laws of the State of New York.

      4.     Upon information and belief, Portofindough LLC (Portofindough") is a domestic

liability company formed and existing under the laws of the State of New York.

      5.     Upon information and belief Ahmed is the principal member of Portofindough

who controlled the finances of Portofindough and was responsible for all payments to be made to

NYC Prestige set forth herein.

6.      Upon information and belief, Defendant, 852 Eighth, was and still is the owner of the premises located in the County of New York, State of New York known as 852 Eight Avenue, New York, New York, Block 1023, Lot 2 ("Premises").

7.      Upon information and belief, on or around July 1, 2021, Ahmed entered into a lease with 852 Eighth, whereby Ahmed leased a portion of the Premises wherein Ahmed was to operate a restaurant.

8.      Upon information and belief, on or around July 1, 2021, Portofindough entered into a lease with 852 Eighth, whereby Portofindough leased a portion of the Premises wherein Portofindough was to operate a restaurant.

9.      In or around September 2021, Ahmed and NYC Prestige agreed that NYC Prestige would provide certain construction work for the build out of the restaurant at the Premise ("Project").

10.     In or around September 2021, Portofindough and NYC Prestige agreed that NYC Prestige would provide certain construction work for the build out of the restaurant at the Premise ("Project").

11.     Initially, NYC Prestige and Ahmed agreed that NYC Prestige would provide FIFTY-FOUR THOUSAND NINE HUNDRED ($54,900.00) DOLLARS.

12.     Initially, NYC Prestige and Portofindough agreed that NYC Prestige would provide FIFTY-FOUR THOUSAND NINE HUNDRED ($54,900.00) DOLLARS.

13.     Thereafter, Ahmed and NYC Prestige agreed that NYC Prestige would provide additional work for the Project.

14.     Thereafter, Portofindough and NYC Prestige agreed that NYC Prestige would provide additional work for the Project.

15.    Pursuant to the agreement, NYC Prestige provided ONE HUNDRED SIXTY-

THREE THOUSAND SEVEN HUNDRED THIRTY-FIVE ($158,735.00) DOLLARS worth of

work for the Project.

16.    NYC PRESTIGE was the general contractor for the Project.

17.    The work NYC Prestige provided for the Project included plumbing, running a

main gas pipe from the building meter to kitchen, electrical, renovation of bathroom, installation

of bathroom, painting, mold, tile and trim work.

18.    NYC Prestige hired licensed subcontractors to perform the plumbing and

electrical work.

19.    852 Eighth was aware of, and consented to, NYC Prestige providing the work for

the Project.

20.    The price to be paid to NYC Prestige under the agreement for labor performed

and materials furnished was $158,735.00.

21.    NYC Prestige performed all labor and furnished all materials required under the

agreement.

22.    NYC Prestige was paid all but $143,735.00 for the work provided for the Project.

23.    NYC Prestige last performed work at the Project on February 20, 2022.

24.    On or about March 18, 2022, NYC Prestige filed a mechanic's lien against the

Premises.


**FIRST CAUSE OF ACTION**
**(Foreclose Mechanic's Lien)**

25.    NYC Prestige repeats, reiterates and realleges each and every allegation set forth

in the entirety of this complaint, with the same force and effect as though fully set forth at length

herein.

26.     The services provided by NYC Prestige were used or intended for use in connection with the construction of the Project with the knowledge and consent of the owners of the Premises and the parties with whom NYC Prestige contracted.

27.     On or about March 18, 2022, approximately one month from the last day of which NYC Prestige furnished services for the benefit and improvement of the Premises in connection with the agreement, NYC Prestige caused a written Notice of Mechanic's Lien, containing all information required by the New York Lien Law (the "Lien"), to be duly filed and entered with the Clerk of New York County, which Lien was docketed in accordance with the Lien Law of the State of New York.

28.     NYC Prestige served the Lien upon Defendants by mailing a true and complete copy thereof, via certified mail, return receipt requested.

29.     NYC Prestige perfected the Lien by timely filing proof of service with the Clerk of New York County, pursuant to Lien Law §11 and 11-b.

30.     By reason of the foregoing, NYC Prestige has acquired a valid Lien against the Premises in the sum of ONE HUNDRED FORTY-THREE THOUSAND SEVEN HUNDRED THIRTY-FIVE ($143,735.00) DOLLARS.

31.     Upon information and belief, to the extent that other claims and/or liens exist against the Premises, they are subsequent and subordinate to NYC Prestige's Lien and NYC Prestige has no knowledge of other outstanding liens on the Premises, except as set forth in the pleadings.

32.     NYC Prestige's Lien has not been paid and no other action or proceeding, at law or in equity, has been brought by NYC Prestige for the foreclosure or enforcement thereof or for the recovery of the monies thereby received or any part thereof.

4

33.     By reason of the foregoing, NYC Prestige has been damaged in the amount of $143,735.00, together with costs and interest thereon.

### SECOND CAUSE OF ACTION
### (Unjust Enrichment)

34.     NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

35.      NYC Prestige has conferred a benefit upon Defendants in the form of labor and materials furnished for the Project, including certain construction and related services.

36.     Defendants continue to reap the benefit NYC Prestige conferred without payment for the reasonable value thereof and to the detriment of NYC Prestige.

37.     Defendants have been unjustly enriched by the retention of NYC Prestige's furnished services and materials.

38.     By reason of the foregoing, NYC Prestige has been damaged in an amount not less than $143,735.00, together with costs and interest thereon.

### THIRD CAUSE OF ACTION
### (Quantum Meruit)

39.     NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

40.     NYC Prestige furnished services and materials in good faith for the Project.

41.     Defendants accepted NYC Prestige's services and materials for the Project.

42.     There was an expectation that NYC Prestige would receive compensation.

5

43.     The fair and reasonable value of construction services furnished by NYC Prestige

for the Project for which NYC Prestige has not received compensation is an amount not less than

$143,735.00, together with costs and interest thereon.

### FOURTH CAUSE OF ACTION
### (Diversion of Lien Law Trust Funds)

44.     NYC Prestige repeats, reiterates and realleges each and every allegation set forth

in the entirety of this complaint, with the same force and effect as though fully set forth at length

herein.

45.     Upon information and belief, amounts Defendants paid out on the Project

constitute trust funds of which they were trustees under the Lien Law, and such funds were

required by law to be first expended and applied for the payment of the costs of the

improvement.

46.     Upon information and belief, the assets of the trust are the funds received under a

construction loan, building loan mortgage or home improvement loan.

47.     Upon information and belief, the assets of the trust are the funds received under a

mortgage recorded subsequent to the commencement of the improvement and before the

expiration of four months after the completion of improvements.

48.     Upon information and belief, the assets of the trust are the funds received as

consideration for a conveyance recorded subsequent to the commencement of the improvement

and before the expiration of four months after completion thereof.

49.     Upon information and belief, the assets of the trust are the funds received as

consideration for, or advances, secured by an assignment of rents due or to become due under an

existing or future lease or tenancy of the Premises.

50.     Upon information and belief, the assets of the trust are the funds received as proceeds of any insurance payable because of the destruction of the Premises or its removal by fire or other casualty.

51.     Upon information and belief, the assets of the trust are the funds received under an executory contract for the sale of real property and the improvement thereof by the construction of a building thereon.

52.     Defendants were Trustees as defined in the Lien Law and were required to hold the assets in trust for the benefit of NYC Prestige.

53.     Upon information and belief, one, several, or all Defendants made unauthorized, illegal and unjustified and improper payment(s) and diversion(s) of trust fund by operation of law.

54.     The use of such funds was with notice and knowledge of the source and origin thereof, and with the notice and knowledge of the claims of NYC Prestige to payment out of such funds.

55.     In accepting and retaining such proceeds, Defendants unlawfully diverted these funds from the statutory beneficiaries.

56.     Upon information and belief, Defendants have unlawfully diverted trust funds.

57.     Upon information and belief, there may be additional claimants against the Project as a result of the Defendants' failure to properly apply trust funds.

58.     In addition to the foregoing, upon information and belief, notwithstanding debts owed to NYC Prestige, the Defendants have failed to keep and maintain books and records for trust funds required by Lien Law §75.

59.     Pursuant to Lien Law §75, failure of the trustee to keep the books and records required by that section in presumptive evidence that the trustee has applied or consented to the

application of trust funds actually received by him as money for purposes other than a purpose

for the trust as specified in Lien Law §71. Lien Law §79 provides that any trustee of a trust

arising under Lien Law art. 3-A, and any officer or director of such trustees who applies or

consents to the application of trust funds actually received by him as money for purposes of that

trust as defined in Lien Law §71 is guilty of larceny and punishable as provided in the Penal

Law.

60.     Accordingly, the individual officers and/or directors of each of the Defendants

have violated the Lien Law and are presumed to have committed an act which under New York

law constituted a larceny. Since the above acts constitute a public harm in violation of public

policy as well as violation of Lien Law, the conduct of the Defendants jointly and severally is a

public wrong, which wrong has simultaneously injured NYC Prestige.

61.     Because of the egregious conduct of the Defendants in distributing trust monies in

blatant violation of the Lien Law accompanied by malice or reckless or willful disregard of NYC

Prestige's rights, NYC Prestige is entitled to receive attorneys' fees and exemplary and punitive

damages against the Defendants.

62.     This present action is brought pursuant to the provisions of the Lien Law on

behalf of NYC Prestige and on behalf of all other Lien Law Trust Beneficiaries who may seek to

be vouched in, and who shall contribute to the expense of this action and participate in the

proceeds thereof.

63.     Upon information and belief, one year has not elapsed since the completion of the

improvement upon which NYC Prestige's claim rose.

### FIFTH CAUSE OF ACTION
### (Breach of Contract)

8

64.     NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

65.     Defendants agreed to pay NYC Prestige for the work provided for the Project.

66.     NYC Prestige provided work, labor and material for the Project at Defendants' request and pursuant to the agreement between NYC Prestige and Defendants at the agreed upon price and with a reasonable value of $158,735.00.

67.     Defendants accepted and retained the work, labor and material provided by NYC Prestige for the Project without dispute or objection thereto.

68.     No part of the $158,735.00 has been paid to NYC Prestige except $15,000.00, and there is now due and owing from Defendants to NYC Prestige the amount of $143,735.00.

69.     By reason of the foregoing, Defendants have breached the agreement and NYC Prestige has been damaged in an amount not less than $143,735.00, together with costs and interest thereon.

## SIXTH CAUSE OF ACTION
### (Fraud)

70.     NYC Prestige repeats, reiterates and realleges each and every allegation set forth in the entirety of this complaint, with the same force and effect as though fully set forth at length herein.

71.     Ahmed and Portofindough misrepresented to NYC Prestige that NYC Prestige would receive a fifteen (15%) interest in Portofindough in return for NYC Prestige providing work valued at $54,900.00 for the Project.

72.     NYC Prestige relied upon Ahmed and Portofindoughs' misrepresentations.

73.     NYC Prestige provided work valued at $54,900.00 for the Project.

9

74. After NYC Prestige provided work valued at $54,900.00 for the Project, Ahmed and Portofindough did not give NYC Prestige any interest in Portofindough.

75. After NYC Prestige provided work valued at $54,900.00 for the Project, Ahmed and Portofindough misrepresented to NYC Prestige that they would give NYC Prestige a twenty (20%) percent interest in Portofindough if NYC Prestige provided additional work for the Project.

76. NYC Prestige relied upon Ahmed and Portofindoughs' misrepresentations.

77. NYC Prestige provided the additional work requested by Ahmed and Portofindough.

78. After NYC Prestige provided the additional work, Ahmed and Portofindough did not give NYC Prestige any interest in Portofindough.

79. By reason of the foregoing, NYC Prestige has been damaged in an amount not less than $143,735.00, together with costs and interest thereon.

**WHEREFORE,** NYC Prestige demands judgment,

(a) On its First Cause of Action, for lien foreclosure (i) adjudging NYC Prestige to have a good and valid lien in connection with the Project and entitled to judgment on the Lien in the amount of $143,735.00 plus interest thereon together with the costs of this action, and (ii) directing Defendants to pay said judgment in the amount of $143,735.00, with interest thereon together with the costs and disbursements for this action;

(b) On NYC Prestige's Second, Third, Fifth and sixth Causes of action in an amount not less than $143,735.00, together with costs and interest thereon.

(c) On NYC Prestige's Fourth Causes of Action, granting said causes of action against the Defendant in their entirety in an amount not less than $143,735.00, plus attorneys' fees, and punitive damages with interest and the costs and disbursements for this action;

10

(d) Awarding NYC Prestige's attorney's fees, disbursements and costs incurred in
     pressing its claims; and

(e) Granting such other relief as this Court deems proper.

Dated: Uniondale, New York
          July  29 2022

                                             Yours etc.,

                                             JAMES J. CORBETT, PC

                                             By: _____
                                                     James J. Corbett
                                                     *Attorney for Plaintiff,*
                                                     NYC Prestige Services, Inc.
                                                     405 RXR Plaza
                                                     Uniondale, NY 11556
                                                     (516) 679-9494

**Defendant's Address:**

MEDHAT AHMED
852 Eighth Avenue
New York, NY 12207

852 EIGHTH LLC
c/o Geral associates, LLC.
505 Fifth Avenue
New York, NY 10017

PORTOFINDOUGH, LLC
852 Eighth Avenue
New York, NY 12207

11

STATE OF NEW YORK    )
                     ss.:
COUNTY OF KINGS      )


STANLEY LEONOV, being duly sworn, deposes and says:

That deponent, STANLEY LEONOV, was the President of the Defendant, NYC PRESTIGE
MECHANICAL CORP., in the within action; that deponent has read the foregoing VERIFIED
COMPLAINT and knows the content thereof; the same is true to deponent's knowledge, except
as to matters therein stated to be alleged on information and belief, and that as to those matters
deponent believes them to be true.


                                        NYC PRESTIGE MECHANICAL CORP.

                                        By: _____
                                            STANLEY LEONOV


Sworn to before me this
29 day of July 2022

_____
Notary Public

        PAUL S. LIPTON
NOTARY PUBLIC, STATE OF NEW YORK
        NO. 24-7968400
   QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES NOVEMBER 30, 2022

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF NEW YORK     )

The undersigned, being duly sworn deposes and says:

1.      I am not a party to this action, am over 18 years of age and am employed at 733 Third Avenue, New York, New York 10017.

2.      That on **July 12, 2023**, I served **one (1)** true copy of the **Fifteen (15) Day Notice of Default** upon:

**PORTOFINDOUGH, LLC**            **Berger, Fischoff, Shumer, Wexler,**
**852 Eighth Avenue**            **Goodman, LLP**
**New York, New York 10019**     **6901 Jericho Turnpike, Suite 230**
                                 **Syosset, New York 11791**

by overnight courier by:

FedEx, by delivering same in a properly addressed wrapper into the custody of FedEx for overnight delivery, prior to the latest time designated by FedEx for overnight delivery, under the exclusive care and custody of FedEx within the City and State of New York.

_____
**Ronald Checkley, Jr.**

Sworn to before me this
**13th day of July, 2023**

_____
Notary Public

JOHN J. FRANCO
NOTARY PUBLIC, STATE OF NEW YORK
No. 01FR6411890
Qualified in Nassau County
Commission Expires December 07, 2024

RE\82146\0033\5121850v1

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: NON-HOUSING PART 52

------------------------------ X

852 EIGHTH LLC,                                 :   L&T Index No.: 314734-23/NY
                                                :
                    Petitioner-Landlord,        :
                                                :
        -against-                               :
                                                :   **AFFIDAVIT OF SERVICE**
PORTOFINDOUGH, LLC                              :
852 Eighth Avenue                               :
New York, New York 10019                        :
                                                :
                    Respondent-Tenant,          :
                                                :
"XYZ CORP.",                                    :
                                                :
                    Respondent-Undertenant.     :
                                                :
The name of Undertenant is fictitious and unknown to   :
petitioner.  The person intended is whomsoever is in   :
possession of the premises described herein.           :
                                                :
------------------------------ X

STATE OF NEW YORK     )
                      )   ss.:
COUNTY OF NEW YORK    )

        The undersigned, being duly sworn deposes and says:

        1.      I am not a party to this action, am over 18 years of age and am employed at 733

Third Avenue, New York, New York 10017.

        2.      That on **August 2, 2023**, I served **one (1)** true copy of the **Five (5) Day Notice of**

**Termination of Lease** upon:

**PORTOFINDOUGH, LLC**          **Berger, Fischoff, Shumer, Wexler,**
**852 Eighth Avenue**           **Goodman, LLP**
**New York, New York 10019**    **6901 Jericho Turnpike, Suite 230**
                                **Syosset, New York 11791**

RE\82146\0033\5153219v1

by overnight courier by:

> FedEx, by delivering same in a properly addressed wrapper into the custody of FedEx for overnight delivery, prior to the latest time designated by FedEx for overnight delivery, under the exclusive care and custody of FedEx within the City and State of New York.

_____
**Ronald Checkley**

Sworn to before me this
**17th day of August, 2023**

_____
Notary Public

TAYLOR M STANZIONE
Notary Public, State of New York
No. 01ST6377789
Qualified in New York County
Commission Expires July 09, 2026

- 2 -

RE\82146\0033\5153219v1