# **EXHIBIT C**

852 Eighth LLC
c/o Gerel Associates
505 Fifth Avenue, 27th Floor
New York, New York 10017

May 23, 2023

**<u>VIA FEDEX OVERNIGHT</u>**

Portofindough, LLC
852 Eighth Avenue
New York, New York 10019

> Re:  Premises: Portion of Ground Floor and Basement in the building
> <u>located at 852 Eighth Avenue, New York, New York 10019 ("Premises")</u>

Dear Tenant:

WHEREAS, Portofindough, LLC ("Tenant") is in possession of the Premises pursuant to a written lease agreement and rider thereto (the "Rider"), dated July 1, 2021, by and between 852 Eighth LLC ("Landlord"), as landlord, and Tenant, as tenant (the "Lease"); and

WHEREAS, on May 8, 2023, Landlord served Tenant with a Fourteen (14) Day Rent Demand ("Rent Demand"), demanding the payment of $38,269.93 in rent and additional rent arrears due under the Lease through May 1, 2023; and

WHEREAS, Landlord has incurred additional legal fees not yet billed to Tenant through the date of this letter agreement in the amount of $8,511.07; and

WHEREAS Landlord and Tenant have been involved in settlement discussions to temporarily forbear Landlord's enforcement of the Rent Demand;

THEREFORE, the parties agree as follows:

(1) Tenant hereby acknowledges and agrees that the Rent Demand was properly served upon Tenant in accordance with the Lease and applicable law, and Tenant covenants and agrees that Tenant shall not challenge the manner or method of service of the Rent Demand in any litigation or otherwise.

(2) Simultaneous upon execution of this Agreement, Tenant shall pay Landlord the sum of $25,000.00, subject to collection, thereby reducing the amount owed through the date of this letter agreement to $21,781.00 ("Remaining Arrears").

(3) Landlord hereby grants Tenant a temporary and revocable forbearance period for the Remaining Arrears through August 31, 2023 ("Forbearance Period"), provided that during the Forbearance Period:

RE\82146\0033\4944683v3 4944683v4

    a. Tenant pays Landlord, on or before the tenth (10th) day of each of the months of June 2023, July 2023 and August 2023:

        (i)    All base rent and additional rent due under the Lease; plus
        (ii)   One-third (1/3) of the Remaining Arrears, or $7,260.33.

    b. As long as Tenant abides by the terms of this letter agreement, Landlord will not commence litigation based upon the Remaining Arrears.

    c. Notwithstanding the foregoing, this letter agreement is not, and shall not be considered, a waiver of any of Landlord's rights and remedies under the Lease including, but not limited to, Landlord's legal rights and remedies in connection with the litigation entitled *NYC Prestige Mechanical Corp v. Ahmed et al*, Supreme Court, New York County, Index No. 652659/2022.

    d. Landlord may terminate this letter agreement at any time, after the issuance of a five-day notice of default and opportunity to cure, if Tenant fails to comply with its obligations hereunder, or as otherwise required under the Lease.

(4) The parties agree to keep this agreement confidential and not to disclose the existence of this agreement or its terms to any non-party to this agreement (excluding their counsel and their accountants) without the express written consent of the other party other than with respect to a breach thereof. In the event that this agreement or its contents become the subject of a subpoena or other legally binding compulsive process, the party receiving such request or compulsion will immediately notify the other party in writing of the existence and nature of the request and afford the other party an opportunity to take action to seek to protect the confidentiality of this agreement and its terms before producing either the agreement or its terms. In the event of a Tenant default, this paragraph is no longer applicable to Landlord, who may disclose this agreement.

(5) This letter agreement shall not be construed as any amendment to the Lease or to otherwise modify the obligations of the parties thereunder.

(6) This letter agreement constitutes the entire agreement between the parties concerning subject matter hereof and supersedes all prior or contemporaneous agreements regarding same. This letter agreement may only be amended in writing and shall be governed by New York law, without giving effect to principles of conflict of laws.

(7) The acceptance by Landlord of partial performance of any of the terms and/or conditions of this letter agreement shall not constitute an agreement, expressed or otherwise, to modify, change, or amend this agreement, or constitute a waiver of or estoppel against Landlord's right to insist upon Tenant's full and timely performance of all the terms and/or conditions of this agreement and the Lease.

(8) This letter agreement may be signed in separate counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Facsimile or PDF signatures shall be deemed to be original signatures for purposes of this agreement and any notice required to be served pursuant to this agreement.

Please acknowledge Tenant's agreement with the foregoing by executing where indicated below and returning same to the undersigned. In executing this letter agreement, each party represents that they have full authority and legal power to do so. This letter agreement may be executed in counterparts by facsimile or electronic signatures, each of which when so executed shall be deemed an original and shall be binding upon all parties, all of which shall constitute one and the same agreement.

Very Truly Yours,

**852 EIGHTH LLC**

By: _____

Name:

Title:

*Margarita Lagani*
*Property Manager*

AGREED TO BY:

**PORTOFINDOUGH, LLC**

By: _Medhat Ahmed._

Name:

Title: _Owner- Manager-_

cc:

Berger, Fischoff, Shumer, Wexler, Goodman, LLP
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791

- 3 -