ROSENBERG & ESTIS, P.C.
733 Third Avenue, 15th Floor
New York, New York 10017
John D. Giampolo, Esq.
Email: jgiampolo@rosenbergestis.com
Tel: (212) 551-1273

*Attorneys for 852 Eighth LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PORTOFINDOUGH, LLC, | : | Case No.: 23-11695 (MG) |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**LANDLORD, 852 EIGHTH LLC'S REPLY TO DEBTOR'S RESPONSE TO MOTION FOR (I) AN ORDER ACKNOWLEDGING DEBTOR'S LEASE OF THE NONRESIDENTIAL PREMISES TERMINATED AS OF THE PETITION DATE, AND (A) CONFIRMING THE AUTOMATIC STAY DOES NOT APPLY TO STAY LANDLORD FROM RECOVERING POSSESSION OF THE LEASED PREMISES PURSUANT TO 11 U.S.C. § 362(B)(10), OR (B) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D) TO PERMIT LANDLORD TO RECOVER POSSESSION OF THE LEASED PREMISES; OR, ALTERNATIVELY, (II) AN ORDER COMPELLING REJECTION OF THE NONRESIDENTIAL LEASE TO THE EXTENT IT IS DEEMED UNEXPIRED AS OF THE PETITION DATE; (III) AN ORDER COMPELLING ALLOWANCE AND PAYMENT OF ALL UNPAID POST-PETITION RENT, USE AND OCCUPANCY AND/OR OTHER CHARGES PURSUANT TO 11 U.S.C. §§ 365(D)(3) AND 503(B)(1); (IV) ABANDONING ANY INTEREST OF THE DEBTOR IN ANY PERSONAL PROPERTY LEFT ON THE PREMISES; (V) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D) TO PERMIT LANDLORD'S APPLICATION OF THE SECURITY DEPOSIT, AND (VI) WAIVER OF ANY STAY PERIOD**

852 Eighth LLC, as the landlord ("Landlord" or "Movant") under a Lease (as defined below) of the commercial/nonresidential real property identified as all rooms, a portion of the ground floor level and basement, as more particularly shown on the floor plan annexed to the Lease, in the building located at 852 Eighth Avenue, New York, New York 10019 (the

"Premises"), which the above-captioned Debtor has been in possession as tenant and which Lease was terminated prior to the October 24, 2023 petition date (the "Petition Date"), hereby respectfully represents and alleges the following in support of Landlord's reply to Debtor's response [Doc 34] (the "Response") to Landlord's motion [Doc 27] (the "Motion")[1] (I) an order acknowledging Debtor's Lease of the nonresidential Premises terminated as of the Petition Date, and (A) confirming the automatic stay does not apply to stay Landlord from recovering possession of the nonresidential Premises pursuant to 11 U.S.C. § 362(b)(10), or (B) modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to permit Landlord to recover possession of the nonresidential Premises; or, alternatively, (II) an order compelling rejection of the nonresidential Lease to the extent it is deemed unexpired as of the Petition Date; (III) an order compelling allowance and payment of all unpaid post-petition rent, use and occupancy and/or other charges pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1); (IV) abandoning any interest of the Debtor in any personal property left in the Premises; (V) modifying the automatic stay to permit Landlord's application of the security deposit; and (VI) waiving any stay period and providing for the terms of the order granting the Motion to take effect immediately upon entry. In support of this reply, the Landlord respectfully states as follows.

Landlord incorporates herein by reference all statements and documents included in the Motion papers and in the application to shorten time for the Motion [Doc 30] ("Short Notice Application"). Notably, *in the Response, Debtor does not deny or oppose any of the allegations or arguments included in the Motion and Short Notice Application papers*.

In the Response, Debtor states it "does not dispute the allegations by Movant that the Debtor has been unable to pay post petition rent" and further admits that "revenue has been

---

[1] Capitalized terms used but not otherwise defined herein have the same meanings ascribed in the Motion.

disappointing and it has been having difficulty meeting all of its post petition obligations". To date, Debtor has not paid any amount of post petition rent. In the Response, Debtor does not even state when or if it will be able to pay post petition rent nor does Debtor deny that the Lease validly terminated prior to the Petition Date.

The remainder of the Response simply argues that the Motion should be denied or adjourned two days later December 22, 2023 because the Motion papers were served by first class mail on December 5, 2023. However, Debtor's counsel undeniably received the Motion papers via ECF filing notification on December 1, 2023, see [Doc 27], and no other party has voiced opposition to the Motion or its hearing date. This Court scheduled the Motion hearing on the December 20, 2023 status conference after denying Landlord's Short Notice Application seeking to hear the Motion sooner. Moreover, the additional two days for a hearing requested would be of no consequence to the Debtor. The Debtor will not cure its post petition rent arrears in two days or anytime soon. The Debtor admits it has not paid any post petition rent and cannot meet all its post petition obligations. Any further delay would, however, prejudice the Landlord for all the reasons set forth in the Motion and Short Notice Application papers, including the hazardous conditions remaining on the Premises which Debtor has failed to cure.

**WHEREFORE,** Landlord respectfully requests the Court enter an order granting the relief requested in the Motion and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: New York, New York  **ROSENBERG & ESTIS, P.C.**
December 19, 2023  *Attorneys for 852 Eighth LLC*

By: */s/ John D. Giampolo*

John D. Giampolo

733 Third Avenue
New York, New York 10017
Tel: (212) 551-1273